IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NICHOLE WESTLUND,

                Plaintiff,

  v.                                                                      ORDER

NANCY A. BERRYHILL,                                          15-cv-450-jdp
    Acting Commissioner of Social Security,

                Defendant.

---

      In light of the parties' joint motion, Dkt. 11, the court reversed the Commissioner's decision denying plaintiff Nichole Westlund's application for disability insurance benefits and remanded the case for further proceedings. Dkt. 12. The court awarded Westlund's attorney $5,637.45 in attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Dkt. 20. On remand, the Commissioner determined that Westlund was disabled and awarded her $56,007 in past-due benefits. Dkt. 22-2. And the Commissioner awarded her son $15,503 in past-due benefits. Dkt. 22-3.

      Now Westlund's attorney, Dana Duncan, moves the court for a representative fee award of $12,240.05, pursuant to 42 U.S.C. § 406(b). Dkt. 22. Duncan seeks 25 percent of Westlund's past-due benefits award, including her son's award, or $17,877.50, to be offset by Duncan's EAJA fee award. Westlund agreed to a 25 percent contingency fee (25 percent of all past-due benefits awarded to Westlund and her family). Dkt. 22-1. The court will grant Duncan's motion.

      Under 42 U.S.C. § 406(b), the court may award a claimant's attorney a representative fee for his or her work before the court. This section of the Social Security Act provides that

"a prevailing claimant's fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits." *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002). The requested fee is within the cap, but the court must nevertheless review it to ensure that it is reasonable. *Id.* at 807, 809; *see also McGuire v. Sullivan*, 873 F.2d 974, 980 (7th Cir. 1989) ("A court may award a fee up to that provided in the contract so long as the court has reviewed its reasonableness.").

When evaluating a representative fee for reasonableness, "the court may consider the character of the representation and the results obtained, reducing an award if . . . the fee is so large in comparison to the amount of time counsel spent on the case such that the fee would constitute a windfall to the attorney." *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1081 (E.D. Wis. 2007) (citing *Gisbrecht*, 535 U.S. at 808). "In determining what is a reasonable fee, the court should consider: the time and labor required; the skill required; whether the fee was contingent or fixed; the amount involved and the result attained; the attorney's experience, reputation, and ability; and awards in similar cases." *Hodges-Williams v. Barnhart*, 400 F. Supp. 2d 1093, 1099 (N.D. Ill. 2005) (citing *McGuire*, 873 F.2d at 979, 983).

Contingent fee agreements often produce fees that reflect large hourly rates that are not per se unreasonable. Contingent fee arrangements account for the attorney's risk of non-recovery, and awarding a fee consistent with the parties' agreement motivates attorneys to represent social security claimants who could not otherwise afford counsel. "If courts regularly invalidated reasonable contingency agreements in favor of a lodestar fee, then attorneys would no longer enter into such agreements." *McGuire*, 873 F.2d at 980. Following this principle, district courts across the country have awarded representative fees that reflect varying hourly rates, including $446, $625, $636, and even as high as $1,500. *Koester*, 482 F. Supp. 2d at

2

1083 (collecting cases). But when the contingent fee agreement would yield an unreasonable windfall, courts have reduced the award under § 406(b) to an appropriate rate above the lodestar rate. *See, e.g.*, *Schimpf v. Astrue*, No. 06-cv-18, 2008 WL 4614658 (N.D. Ind. Oct. 16, 2008) (awarding a fee at a reduced hourly rate of $583.50); *Hodges-Williams*, 400 F. Supp. 2d at 1099-100 (awarding a fee at a reduced hourly rate of $350).

Here, the requested fee award is on the generous side of the reasonable scale. Duncan seeks $17,877.50 for 23.4 hours of attorney time for work performed before this court, which amounts to an hourly rate of about $764. *See* Dkt. 22-5. The fee, though a bit on the high side, is nevertheless reasonable, considering the risks that Duncan assumes by taking on contingency cases. And Duncan obtained favorable results for his client: Duncan represented Westlund before this court, reviewed the administrative record, drafted a motion for summary judgment, and prompted a stipulated remand, which resulted in a favorable determination below.

As Duncan recognizes, the $17,877.50 must be offset by the EAJA fee award that he already recovered. *Gisbrecht*, 535 U.S. at 796. Duncan will need to refund the $5,637.45 he recovered in EAJA fees to Westlund.

One final point. As this court has told Duncan, § 406(b) representative fee awards are reviewed for reasonableness in view of the *attorney's* time before *this* court. *See Heise v. Colvin*, No. 14-cv-739 (W.D. Wis. Dec. 15, 2016). The court cannot consider Duncan's work from beginning to end; the court awards § 406(b) fees for work performed here. The court considers only attorney time when calculating the compensation rate, not paralegal or "administrative" time. Duncan continues to brief § 406(b) motions as though the court can consider both his work before the Commissioner in the administrative portion of the case and his firm's non-attorney work. The court's review of Duncan's fee requests would be facilitated by briefing that

recognizes the parameters of the court's authority to award fees. Duncan risks denial of future requests if he disregards this instruction.

ORDER

IT IS ORDERED that plaintiff Nichole Westlund's attorney's unopposed motion for attorney fees pursuant to 42 U.S.C. § 406(b), Dkt. 22, is GRANTED. The court approves a representative fee award of $17,877.50, provided plaintiff's attorney returns his EAJA fees to plaintiff.

Entered June 1, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge